DIXON, Justice.
Defendants were convicted of simple burglary and appeal to this court, raising one assignment of error which rests upon the contention that the trial court erred by not granting defendants’ motion for a directed verdict in which they argued that there was no evidence of either an “unauthorized entry” or “the intent to commit a felony or any theft therein.” [1]
Former officer Larry Ferran testified that on the night of July 13, 1974, during his routine patrol assignment, he noticed an Oldsmobile, riding on a flat rear tire, pull out of the Veronica Service Station and proceed in a direction opposite to that which the officer had been traveling. The officer circled back to the service station and noticed that the front door panels of the station had been kicked out and that the cigarette machine had been pried open. He chased the vehicle, following a path of frittered tire left by defendant’s car, and apprehended them some two or three minutes and a few blocks later. In a consent search of the automobile, officers later found a battery, a box of assorted cigarettes and a box of change. Two tires were found on the back seat of the car.
The proprietor of the station testified that he gave neither defendant permission to enter his establishment. He further testified that two tires of the same brand as those found in defendants’ possession were missing from the station, that an automotive battery was missing and that his change box was missing from his office. The proprietor was able to identify the box introduced at trial as the one taken from his establishment.
Since State v. Douglas, 278 So.2d 485 (La.1973), this court has held that it is only in cases where there is no evidence of the crime or of an essential element thereof that this court has the power to find meritorious a motion for directed verdict and reverse a conviction. Recently we discussed and reaffirmed this position. See State v. Evans, La., 317 So.2d 168, 1975 *766 and State v. Sonnier, La., 317 So.2d 190, 1975.
The record before us is replete with evidence that there was an entry, that such entry was unauthorized and that a theft was committed therein; the circumstantial evidence that defendants were the burglars is strong enough to exclude any other reasonable hypothesis. It cannot be said that there is no evidence of any essential element of the crime.
The convictions and sentences are affirmed.

. “Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Article 60. “Whoever commits the crime of simple burglary shall be imprisoned at hard labor for not more than nine years.” (R.S. 14:62).